UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK LEMARIO VINCENT,

                Petitioner,

v.                                            **DECISION AND ORDER**
                                                      08-CR-197S
                                                      11-CV-310S

UNITED STATES OF AMERICA,

                Respondent.

## I. INTRODUCTION

Presently before this Court is *pro se* Petitioner Patrick Vincent's motion to vacate, set aside, or correct his sentence and conviction pursuant to 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is denied.

## II. BACKGROUND

On August 5, 2010, Petitioner appeared before this Court and pleaded guilty to two counts of a four-count Indictment charging him with possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm and ammunition with a prior felony conviction, in violation of 18 U.S.C. 922(g)(1). Under the terms of the plea agreement, Petitioner and the Government agreed that the total offense level, including a reduction for Petitioner's acceptance of responsibility, was 15, and that Petitioner's criminal history category was V, which resulted in a Guidelines sentencing range of 97 to 106 months after application of U.S.S.G. § 2K2.4(b). (Docket No. 24, ¶¶ 11, 12.)

Petitioner appeared for sentencing on August 5, 2010, at which time his lawyer requested that this Court impose a non-Guidelines sentence based on a 1:1 ratio for crack/cocaine powder offenses. After hearing from counselors and Petitioner, this Court imposed a sentence, to run consecutively, of 24 months on Count One and 60 months on Count Two. Petitioner did not appeal.

Rather, he filed the instant motion on April 11, 2011.

### III. DISCUSSION

**A.    Standard of Review**

28 U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

**B.     Petitioner's § 2255 Motion**

Petitioner argues that (1) his plea lacked a factual basis for an intent to distribute crack cocaine as well as that he used or carried a firearm in furtherance of a drug trafficking offense; (2) he received ineffective assistance of counsel; and (3) his conviction was obtained by use of evidence obtained pursuant to an unlawful arrest and an unconstitutional search and seizure.

The government opposes Petitioner's motion on the basis that he admitted facts sufficient to form a factual basis for his guilty plea on Counts One and Two, failed to pursue his claim on direct appeal, and, in any event, his arguments lack merit.

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S. Ct. 2085, 60 L. Ed. 2d 634 (1979)).

**1.     Factual Basis**

Petitioner first argues that his conviction lacked a factual basis both as to his intent to distribute crack cocaine and as to his possession or use of a firearm in furtherance of a drug trafficking offense. Because Petitioner failed to raise this claim on direct review, however, it is procedurally barred unless he can show "cause and prejudice." Campino v.

United States, 968 F.2d 187, 190 (2d Cir.1992); Hardy v. United States, Nos. 11 Civ. 8382, 10 Cr. 1123(JSR)(AJP), 2012 WL 843384, at *5 (S.D.N.Y. Mar. 14, 2012) ("It is well-established law, however, that a § 2255 claim cannot be used as a substitute for a direct appeal, and that a claim that could have been raised on direct appeal is cognizable under § 2255 only under the "cause and prejudice" standard."). Under that standard, "petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993). Here, Petitioner alleges that his attorney advised against appealing and, by the time he discovered the error, the time to appeal had passed.

But even assuming Petitioner has demonstrated good cause for his failure to raise this claim on direct review, this Court is satisfied that there was a sufficient factual basis for the plea.

First, Petitioner said he understood and attested to the facts contained in the plea agreement:

> THE COURT: All right. And look though at paragraph 5 which is at the bottom of page 3. And it continues on to the two subparagraphs A and B, which is almost the middle of the following page, page 4. And that is a summary -- and this is my understanding -- of the evidence that would likely be introduced against you at the trial in connection with each of the two counts. Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: You've gone over this in detail with [your attorney,] Mr. Musitano?
> THE DEFENDANT: Yes.
> THE COURT: Is the statement of proof or the factual basis here accurate?
> THE DEFENDANT: Yes.

(Plea Hr'g Tr., at 12; Docket No. 52); see United States v. Culbertson, 670 F.3d 183, 190 (2d Cir. 2012) (court free to "rely on representations of the defendant, of the attorneys for the government, and the defense") (internal quotation marks omitted).

Second, those facts were sufficient to demonstrate that he committed the charged crimes.

21 U.S.C. § 841(a)(1) makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." Petitioner admitted that he tried to stuff cocaine into the crevices of a nearby couch when he saw the arresting officers. And he was arrested in view of (1) a silver handgun that was within his reach, (2) ammunition for the firearm, (3) a razor blade, and (4) a digital scale that was covered in white residue. These items, as Petitioner attested to in the plea agreement, are commonly used by those engaged in narcotics trafficking. See United States v. Martinez, 54 F.3d 1040, 1044 (2d Cir. 1995) ("The defendant possessed drug paraphernalia, namely, a scale and cut, as well as a gun from which an inference that he was engaged in the dangerous business of drug trafficking could properly be drawn") (internal citation and quotation marks omitted). This claim, regarding count one of the Indictment, is therefore rejected.

Count two charged Petitioner with a violation of 18 U.S.C. § 924(c)(1). This statute prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime" and possession of a firearm "in furtherance of such a crime." Under Second Circuit precedent, "the requirement in § 924(c)(1) that the gun be possessed in furtherance of a drug crime may be satisfied by a showing of some nexus between the firearm and the drug selling operation." United States v. Finley, 245 F.3d 199, 203 (2d Cir.

2001). That nexus can be shown, as is the case here, where the firearm is found in close proximity to the defendant and the drug-distribution paraphernalia. See United States v. Diaz, 148 F. App'x 9, 11 (2d Cir. 2005) (summary order) (district court did not abuse its discretion in finding factual basis sufficient for a § 924(c) charge where Defendant pleaded guilty to a violation of 21 U.S.C. § 841 and a firearm was found "in the same place" as the drugs); United States v. Lewter, 402 F.3d 319, 322 (2d Cir. 2005); United States v. Garner, 338 F.3d 78, 81 (1st Cir. 2003) ("When guns and drugs are found together and a defendant has been convicted of possession with intent to distribute, the gun, whether kept for protection from robbery of drug-sale proceeds, or to enforce payment for drugs, may reasonably be considered to be possessed 'in furtherance of' an ongoing drug-trafficking crime.").

As such, Petitioner's argument that his plea of guilty lacked a factual basis is without merit and rejected.

### 2. Ineffective Assistance of Counsel

Petitioner next argues that he received ineffective assistance of counsel.

In that vein, Petitioner alleges that his attorney lied to him, making him believe that a suppression hearing was held in Petitioner's absence and that he lost.[1] He further alleges that his attorney's representation was deficient in permitting Petitioner to plead guilty to a crime for which there was insufficient inculpatory evidence. Finally, Petitioner states that his attorney failed to argue that the drugs in Petitioner's possession were for personal use.

---

[1] Petitioner does not convey, however, how he to came to learn that a suppression hearing was not held.

6

Several of Petitioner's claims, however, concern events that occurred prior to his entry of a guilty plea. Such claims are barred. See Rosario, 348 F. Supp. 2d at 295 (quoting United States v. Coffin, 76 F.3d 494, 497 (2d Cir.1996)) ("A defendant who pleads guilty while represented by counsel may not assert independent ineffective assistance of counsel claims relating to events occurring prior to the entry of the guilty plea.").

Nevertheless, this Court has considered the merits of Petitioner's arguments and finds them unavailing.

The standard for determining whether a defendant was provided with effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish a claim under the Strickland standard, "a defendant must show (a) that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and (b) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze, 321 F.3d at 123 (quoting Strickland, 466 U.S. at 688, 694).

When a conviction is secured by way of plea, a defendant can prove prejudice by demonstrating that, but for counsel's unprofessional errors, he would not have pleaded guilty. See Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Missouri v. Frye, 566 U.S. ----, 132 S. Ct. 1399, 1409-10, 182 L. Ed. 2d 379 (2012).

There is a strong presumption in favor of the reasonableness of an attorney's performance. See Gilbert v. United States, 05-CV-325, 2006 WL 1174321, at *3 (N.D.N.Y. May 2, 2006) (citing Strickland, 466 U.S. at 688). This presumption applies because it is

"too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." Strickland, 466 U.S. at 689.

\*\*\*

Petitioner's argument regarding a suppression hearing – or lack thereof – is nearly identical to an issue discussed in Frith v. United States, No. 04 Civ. 1519(JSR), 2006 WL 1529428, at \*2 (S.D.N.Y. June 2, 2006). There, the petitioner entered a guilty plea before the court ruled on a previously-filed motion to suppress, which concerned certain evidence and statements made in conjunction with his arrest. Id. The petitioner believed that the evidence against him had been the result of an illegal search, and he argued that he received ineffective assistance of counsel when his attorney failed to inform him that his guilty plea would waive his right to pursue the suppression motion. Id.

The court initially noted that the mere fact that a plea agreement was reached prior to resolution of the motion to suppress did not constitute ineffective assistance of counsel. Id. at 3. The court also relied on the fact that the petitioner knew there would be no trial, and found that this sufficed to waive his rights to litigate the suppression hearing. Id. It further concluded that petitioner had shown no prejudice because he could not show that the suppression hearing would have born a favorable result. Id.

Similarly here, Petitioner knowingly plead guilty, waived his right to trial, attested to his satisfaction with counsel, and admitted that he engaged in the charged activity. These statements control. See Marcelin v. Garvin, No. 97 Civ. 2996, 1999 WL 977221, at \*7 (S.D.N.Y. Oct. 26, 1999) ("As the Supreme Court has noted, statements made at plea allocutions carry a strong presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding") (quotation marks omitted); Hardy, 2012 WL 843384,

8

at *10 ("[Petitioner's] statements at his plea allocation control over his current, conclusory statements that counsel was ineffective.").

Further, even if a suppression hearing had been held, the grounds on which Petitioner sought to suppress the evidence would have either been unavailing or necessitated a credibility determination insufficient for Petitioner to meet his burden under Strickland.  See Frith, 2006 WL 1529428, at *3 (Strickland standard not met where validity of arrest would have been credibility question); see also Escolastico-Disla v. United States, No. CV-93-811(DGT), 1995 WL 479709, at *3 (E.D.N.Y. Aug. 4, 1995) (assertion of ineffective assistance of counsel premised on counsel's failure to litigate Fourth Amendment claim requires proof that claim is "meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence" (quoting Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)).

He argues, for example, that the police officers failed to knock and announce themselves.  But the failure to knock and announce is not a defect that would result in suppression.  Hudson v. Michigan, 547 U.S. 586, 126 S. Ct. 2159, 165 L. Ed. 2d 56 (2006) (police officer's violation of Fourth Amendment knock-and-announce rule does not require suppression of evidence obtained during search).

Similarly, his contentions that he had permission to be in the apartment (thus rendering the officer's response to the burglary call unnecessary), and that the drugs were for his personal use, would not be proper topics for a suppression hearing. Nor is Petitioner's assertion that the firearm should have been suppressed because it was intended to "protect the house" as opposed to the drugs.

Further, his argument that there were an insufficient number of drugs to convict him under § 841(a)(1) does not go to whether the evidence should be suppressed, but whether it was sufficient for his conviction. As Petitioner acknowledged in his plea agreement, when he saw the officers at the scene he tried to stuff 2.14 grams of cocaine base into the cushions of a couch and was surrounded by drug-trafficking paraphernalia. There is no quantity requirement associated with a conviction under 21 U.S.C. § 841(a)(1).

Accordingly, his claim for ineffective assistance of counsel is rejected.

### 3. Remaining Claims

Petitioner's third and fourth grounds in support of his motion allege that the evidence against him was obtained as a result of an illegal arrest and that the search conducted by the officers was unconstitutional. Even if these claims were not procedurally barred, see Munoz, 143 F.3d at 637 (claims must be raised on direct appeal), Petitioner's knock-and-announce argument, as already discussed, is unavailing.  Similarly, the officers' response to a burglary call, discovery of the cocaine, and Petitioner's own statement that "I was trying to hide it before you guys found it on me" provide ample support for the officers' decision to arrest Petitioner.

### C. Certificate of Appealability

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether...the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has

made no such substantial showing of the denial of a constitutional right in this case, and therefore his request for a certificate of appealability is denied.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate his sentence is denied. If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 43) is DENIED.

FURTHER, Petitioner's motion to proceed *in forma pauperis* (Docket No. 44) is DENIED as moot.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close case 11-CV-310.

SO ORDERED.

Dated:  August 31, 2012
        Buffalo, New York

                                                                 /s/William M. Skretny
                                                                WILLIAM M. SKRETNY
                                                                    Chief Judge
                                                              United States District Court